Filed 10/18/23  P. v. Salazar-Baxter CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RANDOLPH SCOTT SALAZAR-BAXTER,<br><br>    Defendant and Appellant. | F084900<br><br>(Super. Ct. No. CR-22-000274)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Carrie M. Stephens, Judge.

Joy A. Maulitz, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Robert Gezi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Detjen, J. and Franson, J.

# INTRODUCTION

Appellant Randolph Scott Salazar-Baxter was convicted of one count of robbery and two counts of petty theft. It was found true appellant suffered two prior strike convictions within the meaning of the Three Strikes law, and one prior serious felony conviction. Due to his prior strikes, appellant was sentenced to 25 years to life on the robbery count, and the sentences on the remaining counts were stayed.

On appeal, appellant argues Penal Code section 1385, subdivision (c)(2)(B)[1] requires the sentencing court dismiss his strikes, because sentencing pursuant to the Three Strikes law is an enhancement. Alternatively, appellant argues the trial court abused its discretion by denying his *Romero*[2] motion as to both prior strikes. Finally, appellant argues the case should be remanded for a *Franklin*[3] proceeding. We affirm without prejudice to appellant filing a motion for a *Franklin* proceeding under the authority of section 1203.01 and *In re Cook* (2019) 7 Cal.5th 439 (*Cook*).

# PROCEDURAL HISTORY

In an information filed May 31, 2022, the Stanislaus County District Attorney charged appellant with three counts of robbery in violation of section 211. It was further alleged that appellant had been convicted of two prior serious felonies within the meaning of section 1192.7, subdivision (c) and section 667, subdivision (d), and that he had been convicted of a prior serious felony within the meaning of section 667, subdivision (a).

On June 6, 2022, following a bifurcated jury trial, a jury found appellant guilty of robbery in violation of section 211 as to count 1, and guilty of the lesser included offense

---

[1] Further unspecified references to code shall be to the Penal Code unless otherwise noted.

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

[3] *People v. Franklin* (2016) 63 Cal.4th 261.

of petty theft in violation of section 484, subdivision (a) as to counts 2 and 3. After the second phase of the trial on June 7, 2022, the jury found true appellant had been convicted of two prior strikes from 2015 and one prior serious felony.

On August 19, 2022, appellant filed a *Romero* motion to dismiss his prior strikes. The trial court denied appellant's motion, and sentenced appellant as a third-strike offender to 25 years to life on count 1. The trial court further sentenced appellant to five years for the prior serious felony enhancements, and two 180-day jail terms for counts 2 and 3, all stayed.

On September 1, 2022, appellant filed a timely notice of appeal.

### STATEMENT OF FACTS

On December 20, 2021, the owner of a t-shirt store in Modesto and a few employees were working at about 6:00 p.m. The employees were at the registers checking out customers when appellant walked into the store and started to pick out clothes. As he continued to gather clothes, one of the employees asked if he needed any help. He responded "no." The same employee then asked if appellant was ready to pay. Appellant did not respond and turned toward the door. Appellant then turned back, said "You know what?" and began taking what appeared to be a gun out of his jacket.

The employee ducked behind the desk with the register, and told her coworker that appellant had a gun. The store owner, who had been standing near the front door, also moved away and ducked. The owner and employees testified they were scared, and one employee testified she had nightmares afterward and did not want to return to work. The employees reported the robbery to the Ceres Police Department the next day.

Ceres Police Officer Nicholas Welsh investigated the robbery and identified appellant as a suspect. Appellant was taken into custody and after reading appellant his *Miranda*[4] rights, Welsh interviewed him. Appellant admitted he robbed the t-shirt store

---

[4]     *Miranda v. Arizona* (1965) 382 U.S. 925.

but said the gun he pulled was not real. He carried the fake gun because it helped him avoid being beaten up and helped him commit robberies. He said that he wore the clothes for a few days, then threw them away. Appellant explained that when he needed new clothes, he would steal them.

<strong><u>DISCUSSION</u></strong>

Appellant first urges this court to find that sentencing pursuant to the Three Strikes law qualifies as an enhancement under section 1385, subdivision (c). He then argues section 1385, subdivision (c)(2), amended by Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81) on January 1, 2022, requires his prior strikes be dismissed. Alternatively, appellant argues the trial court abused its discretion by denying his *Romero* motion. Finally, appellant argues this case should be remanded to the trial court for a *Franklin* hearing.

We find that a prior strike's effect on a sentence of conviction, pursuant to the Three Strikes law, is not an enhancement, therefore Senate Bill 81's amendments to section 1385, specifically subdivision (c)(2), are not relevant to whether a prior strike should be dismissed. We further find the trial court did not abuse its discretion in denying appellant's *Romero* motion in whole. Finally, we agree with *People v. Medrano* (2019) 40 Cal.App.5th 961 and affirm without prejudice to appellant filing a motion for a *Franklin* proceeding under the authority of section 1203.01.

## I. The Trial Court Did Not Err in Denying Appellant's *Romero* Motion

### A. Background

On August 19, 2022, appellant filed a sentencing brief requesting, in part, the court strike his prior strike conviction pursuant to *Romero*. Appellant argued that he did not have an extensive criminal history, had only suffered one serious conviction, and had been to prison one time prior.

In their response, the prosecution pointed out appellant's lengthy juvenile record, including adjudications on November 4, 2008, and May 15, 2014, for petty theft (§ 484),

4.

and adjudications on July 14, 2009, and August 4, 2011, for second degree burglary (§ 460, subd. (b)).

Appellant's strike priors occurred on June 19, 2015, when appellant pled guilty to charges in two cases. In the first, appellant pled guilty to robbery (§ 211) with a great bodily injury enhancement (§ 12022.7, subd. (a)) and assault with a deadly weapon (§ 245, subd. (a)(1)), and was sentenced to six years in prison. In the second, appellant plead guilty to theft of a vehicle (Veh. Code, § 10851) and was sentenced to a consecutive eight months in prison. Appellant was also on parole when he committed the crimes in this case.

At sentencing, the trial court thoroughly discussed factors pertaining to appellant's motion and the reason for the trial court's ruling. First, the trial court reviewed the standard governing *Romero* motions and the types of factors in aggravation and mitigation it could consider. The court then stated:

> "Regarding factors in mitigation which weigh in favor of the motion are [appellant's] upbringing was chaotic and it was very unlikely that he had a reliable role model and consistent support system. Two, [appellant] was somewhat cooperative with the police when he was questioned. Three, the two prior strikes were suffered on the [same] day, though, they were separate incidents.

> "For that factor, the [c]ourt notes that they both took place on July 3[, ]2014, that they were distinct and separate incidents. The first involved a callous assault on a victim from whom [appellant] and a friend were stealing a bike. [Appellant] hit, kicked, and punched the victim. And when the victim tried to get his property back, [appellant] stabbed him in the lower side of his abdomen.

> "The second event happened later, although, not much later. The [appellant] there stabbed an individual who accidentally hit his dog with a vehicle when [appellant] and

his friend were walking in the street. That [happened] the same day seven years earlier.[5]

"Given that they were two distinct incidents, the [c]ourt views this as [a] somewhat unusual factor. The court also believes this decision the [c]ourt is making today will impact [appellant's] children. I don't know much about that other than what was mentioned in the moving papers that he has children.

"[D]efendant's age is a factor the [c]ourt is considering in mitigation. That's a factor the [c]ourt can consider pursuant to [California Rules of Court, rule] 4.423(b)(6). His age at the time of the offense, although, he's now 26[,] I believe it was 25. I have no evidence of [appellant's] remorse. I have no evidence [appellant] has engaged in substance use disorder treatment. Under these circumstances, it is difficult for the [c]ourt to conclude [appellant] has a prospect [for] productive life.

"When I was discussing the factors in aggravation earlier, I was discussing factors which in this case appear to be … aggravating factors, that the crime did involve a threat of great bodily harm or other act disclosing high degree of cruelty, viciousness or callousness. That [appellant] was armed with or used a weapon at the time of the commission. That [appellant] engaged in a violent incident that indicates a serious danger to society. That [appellant's] prior convictions as an adult or sustained petition in juvenile delinquency proceedings are numerous or of increasing seriousness. That [appellant] has served [a] prior prison term. [Appellant] was on parole when the crime was committed. And [appellant's] performance on parole was unsatisfactory.

---

**5**    While it is unclear what the trial court's source was for the facts underlying appellant's prior strikes, neither appellant nor the prosecution objected to the trial court's representation of these facts. In the absence of an affirmative record to the contrary, we defer to the trial court's factual findings. (*People v. Myers* (1999) 69 Cal.App.4th 305, 311 ("The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary.").)

"I've also considered whether or not there was a remoteness between the prior convictions and the current offense. It appears to me that there's not a [remoteness] or much distance between the offense when you consider [appellant's] incarceration. [Appellant] was sentenced on June 19[,] 2015. At that time he only had two credits. He received … a sentence of six years in prison for his prior offense and another eight months for a different case. He was only … released from prison and parole when this offense [was] committed.

"Prior to becoming an adult, he had numerous sustained petitions and was the subject of wardship proceedings from the age of 12, it seems, from November 21[,] 2018, until just after he became an adult in August 13, 2015. His adult criminal conduct overlapped his juvenile adjudications. There, essentially, has been no time, no sustained period of time [appellant] was either not a ward of the juvenile court or charged or convicted of an offense.

"There is not any period of time that has been sustained or [of] significant duration that this [c]ourt can point to that he has been a law abiding citizen. In the motion it clearly indicates that [appellant] had a job at [a car manufacturer] and ostensively lost that job in December [2021]. He was charged with an ammunition offense just a month later, January 2022. And then the offense at hand, five or six months later June [2022].

"I don't know the exact date that [appellant] was released from prison. I don't know exactly how long he held that job at [the car manufacturer]. But under what I do know, it couldn't have been a very lengthy period of time. The [c]ourt has not observed any period of [appellant's] life where he has been a positive citizen living a life that's free of crime.

"In light of the nature of the circumstances of [appellant's] present felony and the prior serious felony convictions and the particulars of his background, character and prospects, the [c]ourt does not deem [appellant] to be outside the spirit of the three strikes law in whole or in part. [Appellant's] motion to strike either of his two [section 667, subdivision (d)] priors is denied."

7.

**B. Legal Standard**

"[A] trial court's refusal or failure to dismiss or strike a prior conviction allegation under section 1385 is subject to review for abuse of discretion." (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.)

"In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances. For example, an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss [citation], or where the court considered impermissible factors in declining to dismiss [citation]. Moreover, 'the sentencing norms [established by the Three Strikes law may, as a matter of law,] produce [] an "arbitrary, capricious or patently absurd" result' under the specific facts of a particular case." (*People v. Carmony*, *supra*, 33 Cal.4th at p. 378.)

On January 1, 2022, Senate Bill 81 went into effect, amending section 1385 to add subdivision (c). (Stats. 2021, ch. 721.) Subdivision (c) provides the following, in relevant part:

> "(c)(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

> "(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result

8.

in physical injury or other serious danger to others. [¶] … [¶]

> "(B) Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed.

> "(C) The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed. [¶] … [¶]

> "(H) The enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(1)–(c)(2).)

## C. Analysis

### i. *Prior Strikes Pursuant to the Three Strikes Law Are Not Enhancements*

Appellant urges this court to find a prior strike's effect on sentencing pursuant to the Three Strikes law qualifies as an enhancement for purposes of section 1385. Appellant then argues the trial court abused its discretion by failing to take into account the changes in law to section 1385, enacted by Senate Bill 81, when declining to dismiss appellant's 2015 strike prior.

"Our task in interpreting section 1385 is to 'ascertain' and 'give effect to the intended purpose' of our Legislature in enacting the statute. [Citation.] '[T]he text of a statute is often the best indicator of its meaning.' [Citation.] If the text is 'unambiguous,' our task 'begins and ends with th[e] text' [citation]; but if the text is ambiguous because it 'permits more than one interpretation,' then we ' "may consider other aids, such as the statute's purpose, legislative history, and public policy" ' as well as the general canons of statutory construction." (*People v. Walker* (2022) 86 Cal.App.5th 386, 396, review granted Mar. 22, 2023, S278309.)

It is well established that the Three Strikes law is an alternative sentencing scheme for the current offense, rather than an enhancement. (*People v. Superior Court (Romero)*, *supra*, 13 Cal.4th at p. 527.) Section 1385, subdivision (c) expressly applies to the

9.

dismissal of an "enhancement." (*People v. Burke* (2023) 89 Cal.App.5th 237, 243.) We agree with the conclusion in *Burke* that the plain language of section 1385, subdivision (c) is unambiguous, and applies only to enhancements, not alternative sentencing schemes. Because the Three Strikes law is not an enhancement, section 1385, subdivision (c)'s provisions regarding enhancements do not apply to the Three Strike's law. (*Burke*, at p. 244.)

Likewise, a brief look at Senate Bill 81's legislative history confirms legislative intent to distinguish enhancements from alternative penalty schemes. The Assembly Committee on Public Safety commented:

> "An enhancement differs from an alternative penalty scheme. An alternative penalty scheme does not add an additional term of imprisonment to the base term; instead, it provides for an alternate sentence for the underlying felony itself when it is proven that certain conditions specified in the statute are true. [Citation.] These include *the Three Strikes Law* [citation]; … section 186.22, subdivision (b)(4) in the criminal street gang statute [citation]; and the One Strike Law [citation] among others. The presumption created by this bill applies to enhancements, but does not encompass alternative penalty schemes." (Assem. Com. on Public Safety, Analysis of Sen. Bill 81 (2021–2022 Reg. Sess.) as amended Apr. 27, 2021, pp. 5–6, emphasis added.)

Because prior strikes are not enhancements, Senate Bill 81's changes to section 1385, subdivision (c)(1)–(2) are relevant in deciding a *Romero* motion. The trial court was not required to consider the factors in section 1385, subdivision (c)(2) when determining whether to dismiss appellant's prior strikes.

10.

*ii.* *The Trial Court Did Not Abuse its Discretion When Denying Appellant's*
*Romero Motion*

Appellant argues the trial court abused its discretion in denying appellant's
*Romero* motion in whole. Appellant asserts that he falls outside the spirit of the
Three Strikes law because he only served one prior prison term for one prior conviction,
and thus has not had the two chances to reform contemplated by the Three Strikes law.
Further, appellant argues that the offense in this case was not violent or brutal and the
weapon he used was fake. Finally, appellant argues the trial court should have given
more weight to his youth and should have considered the trend toward rehabilitation and
restorative justice when ruling on the *Romero* motion. Appellant relies on *People v.
Avila* (2020) 57 Cal.App.5th 1134 (*Avila*) in support of his propositions.

In *Avila*, the defendant was convicted of attempted second degree robbery when
he repeatedly threatened a fruit seller and stomped on the seller's oranges, and was
sentenced to 25 years to life pursuant to the Three Strikes law. (*Avila*, *supra*, 57
Cal.App.5th at 1139.) The defendant had two prior strike convictions which were 28 and
26 years old, respectively. (*Id.* at p. 1141.) In the interim, the defendant was convicted
of unlawful sexual intercourse with a minor and two drug possession violations, the last
of which was in 2008 (10 years prior). (*Id.* at 1143.)

The appellate court found no reasonable person could agree the sentence imposed
on the defendant was just, stating:

> "Avila's prior strikes were remote and committed
> when he was of diminished culpability based on his age, a
> factor the trial court erroneously concluded was inapplicable
> to the formulation of his sentence. Despite the trial court's
> characterization of the facts, Avila's current offenses were not
> violent and, on the spectrum of criminal behavior, fall closer
> to the end of less reprehensible conduct. Much of his
> criminal conduct appears to be related to his drug addiction
> rather than to sinister motives and falls well outside the realm

11.

of what could be considered the work of a career criminal." (*Avila*, *supra*, 57 Cal.App.5th at p. 1145.)

In this case, the trial court thoroughly considered both aggravating and mitigating factors relevant to appellant's *Romero* motion. Nothing in the record indicates the court failed to give appellant's youth sufficient consideration. The court explicitly considered his youth, his difficult upbringing, his partial cooperation with police and that his prior strikes occurred on the same day and were charged as one case, in mitigation.

However, appellant incurred his strikes occurred only seven years prior, unlike those in *Avila*, with appellant spending most of those seven years in prison. Appellant's prior strikes were incredibly violent and involved stabbing one victim as appellant was robbing them, and stabbing a second unrelated victim in retaliation for an accident. Although the acts were charged in one case and resulted in one conviction, they were committed against two separate victims in unrelated incidents on the same day.

The trial court found no evidence of remorse or that appellant had engaged in substance use disorder treatment. In reviewing appellant's criminal history, the trial court further noted "[t]here, essentially, has been no time, no sustained period of time [appellant] was either not a ward of the juvenile court or charged or convicted of an offense." In fact, appellant was on parole when he committed the robberies in this case.

Appellant argues that the crime was "in essence a petty theft of a few items of clothing." The trial court disagreed and found the crime in this case involved the threat of great bodily harm or other act disclosing a high degree of cruelty, viciousness, or callousness. The trial court's determination is not unreasonable. Appellant committed second degree robbery, a violent crime. Even if the weapon he carried was fake, he chose to present it as real when he started pulling it out in the store to threaten the employees as he absconded with the stolen clothing. The employees were not a threat to appellant, who was at the exit when he chose to brandish his weapon. That he would

12.

make the store employees fear for their lives over "a few items of clothing" does not cut in appellant's favor.

Considering appellant's long criminal history, the recent and violent nature of his prior strikes, his unsatisfactory performance on parole, the lack of any substantial period of time where he has been a law abiding citizen, and the facts of his current conviction, the trial court's determination that he does not fall outside the spirit of the Three Strikes law, and the denial of his *Romero* motion in whole was not an abuse of discretion.

## II.    Remand is Not Appropriate for Obtaining a *Franklin* Proceeding

Appellant was 25 years old when he committed the offense in this case. He received an indeterminate sentence of 25 years to life, so he will be entitled to a youth offender parole hearing during his 25th year of incarceration. (§ 3051, subd. (b)(3).)

"A youth offender parole hearing is a hearing by the Board of Parole Hearings for the purpose of reviewing the parole suitability of any prisoner who was 25 years of age or younger … at the time of the controlling offense." (§ 3051, subd. (a)(1).) At the youth offender parole hearing, the board of parole hearings "shall give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." (§ 4801, subd. (c).)

In *People v. Franklin*, *supra*, 63 Cal.4th 261, our Supreme Court held that youthful offenders must be afforded a sufficient opportunity to make a record of information relevant to their eventual youth offender parole hearings. (*Id*. at p. 284.) During these hearings, defendants may place on the record "any documents, evaluations, or testimony (subject to cross-examination) that may be relevant to their eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors." (*Ibid*.)

13.

Offenders with final conviction can seek the remedy of evidence preservation anytime under the authority of section 1203.01.  (*Cook*, *supra*, 7 Cal.5th 439.)  In *People v. Medrano*, *supra*, 40 Cal.App.5th 961, the Fourth District Court of Appeal found no basis to order remand given the availability of a motion pursuant to section 1203.01.  We agree, and as in *Medrano*, we affirm without prejudice to appellant filing a motion for a *Franklin* proceeding under the authority of section 1203.01 and *Cook*.

## DISPOSITION

The judgment is affirmed without prejudice to appellant filing a motion for a *Franklin* proceeding under the authority of section 1203.01 and *Cook*, *supra*, 7 Cal.5th 439.